**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| **1. DAVID B. YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** CIV-22-711-SLP |
| | ) | |
| **1. UNIVERSITY OF CENTRAL** | ) | |
| **OKLAHOMA AND** | ) | |
| **2. STATE OF OKLAHOMA, es rel.** | ) | |
| **REGIONAL UNIVERSITY SYSTEM OF** | ) | |
| **OKLAHOMA,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, David B. Young, by and through the undersigned legal counsel and for his Complaint against the Defendant alleges and states as follows.

## NATURE OF THE ACTION

This is a cause of action based on Defendant's discrimination against the Plaintiff based on the Plaintiff's race, gender, unequal pay, and the creation of an unlawful hostile work environment and retaliation against the Plaintiff's protected activity.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, §1321, §1337, and §1343. This action is authorized and instituted under Title 7, §703(a) and §102 of the Civil Rights Act of 1991, and 42 U.S.C. §1981(a).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3.      The Plaintiff at all times herein is a citizen of the United States and a longtime employee of the Defendant.

4.      At all times herein Defendant University of Central Oklahoma employed the Plaintiff and the Defendant Regional University System of Oklahoma carries statutory responsibility for Defendant UCO.

## ADMINISTRATIVE PROCEDURES

5.      Previously Plaintiff David B. Young filed claims of unlawful employment action based on subjecting Plaintiff to hostile work environment based on national origin (African-American) and color (black) with the United States Equal Employment Opportunity Commission, EEOC #564-2021-01578.

6.      That on May 24, 2022 the EEOC granted Plaintiff Notice of Right to Sue signed by David Davis, Acting District Director.

## BACKGROUND INFORMATION

7.      That following successful military service and federal employment Mr. Young was hired by the Defendant on October 20, 2014.  Mr. Young took the position of Director of Procurement Service.

8.      That under Plaintiff's leadership there were many improvements instituted to include creation of expected turnaround times for various paperwork, implementation of a Concur Process, new travel card, advanced imaging technology, more than at 25% improvement of the P-Card rebates, negotiated contract savings in excess of $250,000.00, assignment of buyer to distinctive departments on campus, added rebates from WFF and

2

ENI and Staples Office Supply and contracting for a new inhouse print service that is inclusive of student campus mail.

9.     In addition to his professional duties, Mr. Young was elected and served as President of the UCO African-American Faculty and Staff Association and serves currently as the immediate past President.

10.     At all times herein Defendant UCO purported to operate an Inclusive Community Response Team.  The ICRT purports to operates to operate to fulfill a specific purpose, to-wit:

> "The Inclusive Community Response Team (ICRT) works closely with leaders, offices and departments across campus to coordinate the University's response to incidents of bias, hate, and prejudice within the Central Community."

11.     Plaintiff's immediate supervisor was Drew Duke who held the position of Assistant Vice President of Administrative Services.  Before making any formal complaint to the Defendant Mr. Young advised Mr. Duke over the years of incidents of bias and discrimination based on national origin, color (Black) and gender.  Mr. Duke never advanced those concerns to appropriate leadership and never pressed for any response and never cured any of the ongoing discriminations.  Mr. Young independently advised the current President when she held the position of Vice President of Financial Services.  IN 2015, a meeting was held addressing the same person "Lisa Harper".  Mr. Young was advised to assume the positive, but the Defendant accorded no relief to Mr. Young.

12.     Therefore on May 27, 2021 Mr. Young filed an EEOC Formal Complaint Form with the UCO Office of People and Culture.  Mr. Young's basis of complaint was

race, gender, color, and other (equitable compensation). Mr. Young presented evidence of discriminatory incidents that occurred from 2015 to 2021 that he experienced at UCO.

13.     Defendant UCO assigned Mr. Young's complaint to an EEO Investigator Mary Deter-Billings, Director of Employees Relation, Talent Acquisition and Development and she conducted an in-person interview with Mr. Young on June 1, 2021. She was advised that August 8, 2021 that she had completed her investigation and the report had been given to a decision maker who worked in the UCO Office of Information Technology, Sonya E. Watkins. Ms. Watkins issued her letter on August 20, 2021. Mr. Young responded on August 22, 2021, and received the updated letter.

14.     Plaintiff was never interviewed by Ms. Wathens. No request was made to Plaintiff to provide any additional documentation or evidence. Defendant never advised Plaintiff of the progress of the investigation.

15.     That on August 20, 2021 the Manager, Employee Relations Human Resources at UCO emailed Mr. Young as follows, to-wit:

> "The investigation has concluded and the decision maker has made a decision in regards to your EEO complain [sic] regarding harassment, workplace bullying, and pay inequity on the basis of race, color and/or sex. Attached is the closure letter with the results of the findings by the decision maker."

16.     The "closure letter" was dated August 16, 2021 and notified Mr. Young of "the outcome of the University of Central Oklahoma's investigation." The letter advised as follows in pertinent part, to-wit:

- "While there is evidence of a pattern of circumventing your involvement, input and authority as Director of Procurement, the evidence does not support that these behaviors are occurring on the basis of race, color, and/or sex.

4

- While there is evidence that sufficient action was not taken on your behalf to stop the behavior, the evidence does not support that this was done on the basis of race, color, and/or sex.

- After an evaluation of point factor analysis and benchmarks by leaders of Finance and Operations along with Compensation, it has been concluded that your current compensation is consistent with the average market rates paid within the division.

- Actions have been issued in order to remedy the effects of discrimination and/or harassment determined to have occurred." (Emphasis added).

17.    The letter provided further a list of "non-adverse employment action remedies have been recommended" for Drew Duke and for Lisa Harper.  Those recommendations were specifically enumerated in the UCO letter for Mr. Duke and Ms. Harper, respectively.

18.    Thereafter, on August 22, 2021 Mr. Young emailed his written response to Ms. Watkins.

19.    On August 23, 2021, Mr. Young emailed the UCO President seeking relief. The President responded on August 23, 2021 "I just received your message. I will respond soon." Yet the President did not ever respond further to Mr. Young or anyone on Mr. Young's behalf in this regard.

20.    That on August 26, 2021 the Defendant flip-flopped.  The original UCO "closure letter" was "revised". The key revision is shown below, to-wit:

Original Closure Letter: "Actions have been issued in order to remedy the effects of discrimination and/or harassment determined to have occurred." (Emphasis added).

Revised Closure Letter: "Actions have been issued in order to remedy the effects of <u>the lack of boundaries and protocol in communications as determined to have occurred</u>." (Emphasis added).

21.     Defendant UCO's "revised" letter did not represent that any additional investigation occurred. It did not claim any new evidence was received. The "revised" letter did not claim any new witness was interviewed.

22.     Retaliation by the Defendant for Plaintiff exercising his protected activity continued by the Defendant by further ignoring the Plaintiff's predicament and not providing Mr. Young any relief. Mr. Young personally contacted staff at the Regional University System of Oklahoma but was accorded no relief.

23.     <u>As of June 9, 2022, nearly an entire year later</u> after UCO issued the "closure letter" and then issued the "revised letter" nearly all of the purported "recommendations" designed to be curative still had not occurred, to-wit:

"For Drew Duke

- Work with supervisor and the Assistant Vice President of Financial Operations in Finance and Operations to clearly define expectations and scope of Mr. Young's and Ms. Harper's roles and draw boundaries where the controller function ends. (<u>Did not occur</u>). Set clear expectations on communications protocols. (<u>Did not occur</u>).

- Conduct periodic check-ins with Mr. Young to insure established boundaries and protocols are being followed.

- Work with the [sic] Mr. Young to identify next steps or areas of growth necessary for merit-based increases or promotion. (<u>Did not occur</u>).

- Conduct a stay interview to help identify what growth is desired and how the University can support. (<u>Did not occur</u>).

For Lisa Harper:

- Participate in leadership coaching to refine communications and emotional intelligence. An individual's performance is more than the skills and tasks that are central to their job. Soft skills and emotional intelligence are essential in leadership roles. This is especially critical where the essential job function is to have difficult conversations and question or challenge the status quo. (<u>Unsuccessful</u>).

- Work with supervisor and the Assistant Vice President of Administrative Services in Finance and Operations to clearly define expectations and scope of role(s) and draw boundaries where the controller function ends. Define and follow expectations on communication protocols. (<u>Unsuccessful</u>).

## COUNT 1

### *TITLE 7, 42 U.S.C. §2000(e)-2(a) UNLAWFUL DISCRIMINATION BASED ON SEX OR GENDER.*

24.    The Plaintiff repeats and realleges and incorporates by reference herein all facts and every allegation contained in paragraphs 1-23 as fully set out herein.

25.    Plaintiff at all times herein was a Black male.

26.    At all times herein Plaintiff was fully performing all job duties and met his employment expectations. Plaintiff suffered adverse action and discrimination in that Defendant failed to accord Plaintiff with any relief from discrimination based on sex or gender.

27.    As a direct and proximate result of discrimination based on sex/gender created by Defendant, the Plaintiff incurred damages including but not limited to lost income, lost enjoyment of life, damaged his professional reputation, mental and emotional distress, mental anguish and depression.

## COUNT 2

### *DEFENDANT SUBJECTED PLAINTIFF TO HOSTILE WORK ENVIRONMENT.*

28.     The Plaintiff repeats and realleges and incorporates by reference herein all facts and every allegation contained in paragraphs 1-27 as fully set out herein.

29.     Defendant subjected Plaintiff to a hostile work environment and that hostile work environment was exacerbated by the cascade of discriminatory and hostile treatment accorded to the Plaintiff in the workplace.  The Defendant created the work environment for Plaintiff that a reasonable person would find hostile or abusive and one that the Plaintiff in fact did perceive to be hostile under any objective or subjective evaluation.

30.     The Plaintiff's workplace was permeated with discriminatory intimidation, ridicule and insult that was so severe and pervasive that it altered the Plaintiff's condition of employment.

31.     The totality of the circumstances and consideration of abusive factors such as frequency of discriminatory conduct, its severity, its threating or humiliating conduct that interfered with Plaintiff's work performance is pled above.

32.     Plaintiff complained several times to different managers and supervisors about hostile work environment but was not granted any relief.

33.     Defendant failed to take corrective action on the hostile work environment raised herein by Plaintiff.

34.     As a direct and proximate result of the hostile work environment created by Defendant, Plaintiff incurred damages including but not limited to lost income, loss of

enjoyment of life, damage to his professional reputation, mental and emotional distress, mental anguish and depression.

## COUNT 3

### *TITLE 7, 42 U.S.C. §2000(e)-2(a) UNLAWFUL DISCRIMINATION BASED ON NATIONAL ORIGIN AND COLOR.*

35.    The Plaintiff repeats and realleges and incorporates by reference herein all facts and every allegation contained in paragraphs 1-34 as fully set out herein.

36.    The Plaintiff was at all times herein a Black male.

37.    The Plaintiff suffered adverse employment action in the workplace based on national origin and color.

38.    At all times herein Plaintiff was fully performing all job duties and met his employment expectations.

39.    As a direct and proximate result of discrimination based on national origin and color created by the Defendant the Plaintiff incurred damages including but not limited to lost income, loss of enjoyment of life, damage to his professional reputation, mental and emotional distress, mental anguish and depression.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Young prays that pursuant to legal authority set forth above the Court grant the following relief, to-wit:

a.    Order Defendant to compensate Plaintiff with monetary relief in an amount in excess of $75,000.00 for damages he suffered, including but not limited to, lost income, loss of enjoyment of life, damage to his professional reputation, mental and emotional distress, mental anguish and depression.

b. Award Plaintiff all his attorney fees, costs, and additional relief as justice may require.

## JURY TRIAL DEMAND

Plaintiff hereby demands that trial by jury on all issues so triable pursuant to Rule 38 in the Rules of Civil Procedures and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

Respectfully submitted,

DANIEL J. GAMINO                    OBA #3227
Daniel J. Gamino & Associates, P.C.
Jamestown Office Park, North Building
3035 NW 63rd Street, Suite 214
Oklahoma City, OK 73116
Telephone:   (405) 840-3741
Facsimile:   (405) 840-3744
Email: dgamino@coxinet.net
*Attorney for Plaintiff*

*Verification attached.*

## VERIFICATION

**STATE OF OKLAHOMA   )**
                                                  **)  ss.**
**COUNTY OF OKLAHOMA      )**


I, DAVID YOUNG being of lawful age and first duly sworn upon oath, do hereby depose and state:

That I have read the above and foregoing instrument and know the contents thereof to be true and correct to the best of my knowledge and belief.

_____
DAVID YOUNG

Subscribed and sworn to before me this _16th_ day of _August_, 2022.

_____
Notary Public

My Commission expires:

_____

DIANA BECK
Notary Public
State of Oklahoma
Commission # 04003306  Exp: 04/14/24